**Billy Albert WATERS, Sr., ANF, et al., Plaintiffs,**

**v.**

**FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, Defendant.**

Civ. A. No. H–92–942.

United States District Court, S.D. Texas, Houston Division.

Aug. 6, 1992.

David Heller, Stolarhoff & Heller, Houston, Tex., for plaintiffs.

John R. Shrode, Perry Archer & Associates, Houston, Tex., for Farmers Texas County Mut. Ins. Co.

Robert T. Wallace, Houston, Tex., for Diane Owens.

Samuel G. Longoria, Asst. U.S. Atty., Houston, Tex., for Louis W. Sullivan, M.D.

## MEMORANDUM OPINION

HOYT, District Judge.

The defendant, Louis W. Sullivan, M.D., Secretary of the United States Department of Health and Human Services, has filed a motion for summary judgment seeking to establish the Secretary's claim for $29,121.66 of the escrowed funds arising out of an uninsured motorist policy pursuant to Title 42 U.S.C. § 1395y(b)(2). It is the Court's opinion that the motion is meritorious and should be granted.

FACTUAL BACKGROUND:

On or about June 2, 1990, Annie Searles deceased, was injured in an automobile accident while a passenger in a vehicle insured by Farmers Texas County Mutual Insurance Company. In addition to the Decedent's damages, Billy Albert Waters, Sr. and Sue Ellen Waters assert a claim for Billy Albert Waters, Jr. Marvin Eugene Searles and Lee Arthur Searles assert separate claims as well.

Because these individual claims as well as that of the Secretary's sought disbursement of the same funds, Farmers escrowed the policy limits of $40,000 in the registry of the Court.

DISCUSSION:

■ It is undisputed that the policy of insurance covers injuries that a party may claim arising out of an automobile accident and that the injuries sustained by the Decedent were covered. It is also undisputed that the policy limits are $20,000 per person and $40,000 per occurrence for bodily injury. It does not appear to the Court to be disputed that the Secretary is entitled to assert his claim for reimbursement and entitled to it pursuant to 42 U.S.C. § 1395y(b)(2).

Title 42 U.S.C. § 1395y(b) reads in pertinent part:

Payment ... may not be made with respect to any item or service to the extent that payment has been made ... under an automobile or liability insurance policy ... and [the United States] may join or intervene in any action related to the events that gave rise to the need for such time or service. The United States shall be subrogated ... to any right of an individual or any other entity to payment with respect to such item or service....

It is clear that the statute provides for reimbursement of Medicare payments in this circumstance. Case law also supports the Secretary's position that the Medicare claim is paramount to all other claims. *See United States v. Lorenzetti*, 467 U.S. 167, 104 S.Ct. 2284, 81 L.Ed.2d 134 (1984); *see also Rybicki v. Hartley*, 792 F.2d 260 (1st Cir.1986). Thus, the Secretary "stands in the shoes" of any individual or entity with respect to payment under such a policy of insurance.

Although the Court concludes that the Secretary holds a paramount position as between himself and the remaining claimants, that position entitles the Secretary to no greater benefit than the benefit that the the person, beneficiary or entity, whose shoes the Secretary fills, was or is entitled. To this extent, the Secretary may not recover more than $20,000 on its claim. The policy of insurance clearly provide that an individual may recover up to $20,000 per person. The plaintiff concedes this point.

■ The plaintiffs argue, however, that the Decedent, at the time of the accident, was being treated for cancer and that the death certificate states that the cause of death was cancer. This argument is unmeritorious because the medical records show that at least $20,000 of the $29,121.66 was incurred simply for hospitalization. The Decedent was hospitalized from June 2, 1990, to June 20, 1990, at Herman Hospital. For this single hospitalization, Medicare incurred $10,262.72 in payments. It is not disputed that the hospitalization was made necessary by the accident. Nor is it

disputed that the Decedent was transferred from Herman Hospital to Twelve Oaks Hospital where she incurred continuous hospitalization expenses through August 16, 1990, totaling over $13,000.

In this circumstance, it is unimportant that the Decedent may have been treated for her cancer condition while hospitalized, or that the cancerous condition may have caused an extended hospitalization. What is paramount is that the Decedent was hospitalized because of the automobile accident and received treatment for that condition. The plaintiffs have presented no evidence that any portion of the billing before the Court was incurred exclusively because the Decedent had cancer.

Accordingly, the Secretary's motion for summary judgment is GRANTED. The plaintiffs' motion for continuance is DENIED.